IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01371-NYW

FLORENCE SPARACIO,

    Plaintiff,

v.

MIKE LEIKER,

    Defendant.

## ORDER ON MOTION FOR PARTIAL DISMISSAL

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant Mike Leiker's ("Defendant" or "Mr. Leiker") Motion for Partial Dismissal (or "Motion"), filed September 7, 2018. [#22]. The Parties consented to have the undersigned Magistrate Judge preside over this matter fully for all purposes. *See* [#13]; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; D.C.COLO.LCivR 72.2. The court concludes that oral argument will not materially assist in the resolution of this Motion. Accordingly, having reviewed the Motion, the applicable case law, and the entire docket, this court **GRANTS** the Motion for Partial Dismissal for the reasons stated herein.

## BACKGROUND

The court draws the following facts from the Complaint and presumes they are true for purposes of the instant Motion. Plaintiff Florence Sparacio ("Plaintiff" or "Ms. Sparacio") is a fifty-nine-year-old woman who was a neighbor and friend to Defendant's mother. *See* [#1 at ¶ 1, 10-11]. Plaintiff alleges that while Defendant did not reside with his mother, he met Ms. Sparacio "once or twice and generally knew her as the neighbor that helped his mother." [*Id.* at ¶ 12].

Deborah Clark ("Ms. Clark") lived with Defendant's mother and provided "assisted living care" to Defendant's mother when her health began deteriorating. [*Id.* at ¶ 13].

One afternoon, Ms. Clark contacted Plaintiff and asked Plaintiff if she would help move Ms. Clark's belongings out of Defendant's mother's home, because Defendant's mother had recently been transferred to a hospice care facility. [*Id.* at ¶¶ 14-17]. Ms. Clark allegedly informed Defendant that Ms. Sparacio would assist her with the move. [*Id.* at ¶ 18]. When Plaintiff arrived, she asked to speak with Defendant, who was at his mother's house "to gather some documents." [*Id.* at ¶¶ 15, 19-20]. Ms. Sparacio alleges that not soon after, Mr. Leiker aggressively confronted her, shoved her into Ms. Clark and a door, and yelled "get out, your [sic] trespassing, and I'm a police officer." [*Id.* at ¶¶ 21-22]. Mr. Leiker then grabbed Plaintiff's arm and twisted it behind her back "as if to handcuff her," and led Plaintiff into the kitchen while stating he was a "police officer" and that Ms. Sparacio was "under arrest." [*Id.* at ¶ 24]. Defendant then "forcefully pushed" Plaintiff down into a chair, read Plaintiff her *Miranda* rights, and stated that Plaintiff was "going to spend the night in jail." [*Id.* at ¶¶ 25-26]. Aurora police officers later arrived at the scene in response to a 911 call. *See* [*id.* at ¶ 2].

Plaintiff initiated this action on June 4, 2018. [#1]. She asserts federal claims against Defendant pursuant to 42 U.S.C. § 1983 for violations of her Fourth Amendment rights for wrongful stop/detention and unlawful arrest and for excessive force, as well as state law claims for assault and battery and for false arrest and imprisonment. *See* [*id.* at 6-9]. On September 7, 2018, Mr. Leiker filed an Answer [#21] to Ms. Sparacio's federal claims and the instant Motion [#22] seeking dismissal of Ms. Sparacio's state law claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Ms. Sparacio sought and received an extension of time until October 22, 2018 to file her Response to the Motion for Partial Dismissal because of the October 1, 2018 Settlement

Conference and the prospect of resolving this matter without further briefing on the Motion. *See* [#23; #24]. Settlement negotiations were unsuccessful, and the Parties appeared before the undersigned for a Scheduling Conference on October 11, 2018, indicating that settlement did not seem likely. *See* [#27]. To date, Plaintiff has not yet responded to the Motion for Partial Dismissal and has not sought an additional extension of time to do so.[1] Nonetheless, the court concludes that it is appropriate to adjudicate the instant Motion at this time, D.C.COLO.LCivR 7.1(d), and considers Defendant's arguments below.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). Indeed, courts have an independent obligation to determine whether subject matter jurisdiction exists even in the absence of a challenge from any party. *1mage Software, Inc. v. Reynolds & Reynolds, Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). When, as here, a party levies a facial challenge to subject matter jurisdiction, the court takes the allegations in the Complaint as true. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147 n.4 (10th Cir. 2015); *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). The burden of establishing jurisdiction rests with the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

---

[1] The Parties were also directed to file a Stipulated Protective Order no later than October 18, 2018 and no such filing was made. [#27].

**ANALYSIS**

The Colorado Governmental Immunity Act ("CGIA") bars actions in tort against public employees and entities, subject to certain provisions waiving immunity. *Medina v. State*, 35 P.3d 443, 453 (Colo. 2001). Relevant here, the CGIA immunizes "public employees"[2] from liability in tort actions that "arise[] out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing injury was willful and wanton[.]" Colo. Rev. Stat. § 24-10-118(2)(a). The CGIA provides that a plaintiff must file written notice with the public employee "within one hundred eighty-two days after the date of discovery of the injury, regardless of whether the person knew all of the elements of a claim or of a cause of action for such injury." *Id.* at § 24-10-109(1). The notice provision is a jurisdictional prerequisite to suit, and it applies even when federal courts consider Colorado state law tort claims under supplemental jurisdiction. *Maestas v. Lujan*, 351 F.3d 1001, 1013-14 (10th Cir. 2003).

Mr. Leiker raises two arguments for dismissal of Ms. Sparacio's state law claims: (1) Ms. Sparacio failed to comply with the CGIA's notice provision and (2) the circumstances giving rise to her state law claims are not those in which CGIA immunity is waived. [#22 at 4-6]. As to Mr. Leiker's second point, the court agrees that Ms. Sparacio's claims for assault and battery and for false arrest and imprisonment are not circumstances under which CGIA immunity is waived. *See* Colo. Rev. Stat. § 24-10-106(1)(a)-(f) (listing situations in which CGIA is waived). Thus, Ms. Sparacio must comply with the CGIA's notice provision.

---

[2] The CGIA defines "public employee" as "an officer, employee, servant, or authorized volunteer of the public entity." Colo. Rev. Stat. § 24-10-103(4). Mr. Leiker is a public employee given his position as a defective for the Aurora Police Department.

Concerning Mr. Leiker's first argument, he avers that he is not aware of any notice by Plaintiff and that Plaintiff does not allege compliance with the CGIA's notice provision in her Complaint. *See* [#22 at 5]. Based on the record before the court, this argument also appears meritorious.

Upon review of her Complaint, Ms. Sparacio makes no allegation concerning the CGIA or her compliance with its required notice provision. "When a plaintiff fails to plead compliance with the CGIA, and a court addresses the case in the context of a motion to dismiss, the court must accept as a matter of 'fact' that the plaintiff failed to comply with the notice provisions." *Aspen Orthopedics & Sports Med., LLC v. Aspen Valley Hospital Dist.*, 353 F.3d 832, 840 (10th Cir. 2003). "This lack of compliance, then, is a jurisdictional issue." *Id.* Accordingly, I conclude that the court lacks subject matter jurisdiction over Plaintiff's state law claims given her failure to comply with the CGIA's notice provision.

Mr. Leiker continues that because Mr. Sparacio's injuries stem from events occurring on or about June 2, 2017, the 182-day notice period expired on or about December 1, 2017 and, thus, Ms. Sparacio cannot remedy her failure to give notice, thereby absolutely barring her state law claims. *See* [#22 at 5]. But there exists some ambiguity as to *when* Mr. Sparacio's alleged injuries occurred. For instance, the Complaint states that "[p]rior to June 2, 2018," Defendant's mother lived at her home in Aurora, Colorado. [#1 at ¶ 10]. The Complaint also alleges that Defendant's mother was transported to a hospice care facility "[a]t some point leading up to June 2, 2018." [*Id.* at ¶ 14]. The subsequent paragraph then alleges that on "June 2, 2017" Defendant went to his mother's home to "gather some documents", [*id.* at ¶ 15], and that this was when the altercation between Plaintiff and Defendant occurred. In Defendant's Partial Answer, he maintains that the incident occurred on June 2, 2017, and that Ms. Clark moved into Ms. Leiker's home in November

5

2016. [#21].  Thus, it is unclear when the incident with Plaintiff and Defendant occurred, but this court finds, in the absence of any substantive response or clarification by Plaintiff as to the date of the incident, dismissal at this juncture is appropriate.

If the altercation between Plaintiff and Defendant occurred on June 2, <u>2018</u>,[3] then Plaintiff likely could provide sufficient notice within the requisite window.  *Cf. Uberoi v. Univ. of Colo.*, 713 P.2d 894, 898-99 (Colo. 1986) (holding that the filing of a complaint with the Boulder District Court did not constitute notice to either the university or individual defendants under the CGIA), *overruled on other grounds by Graham v. State*, 956 P.2d 556 (Colo. 1998).  And even if the events occurred on June 2, <u>2017</u>, Ms. Sparacio may still be able to plead her compliance with the CGIA's notice provision, assuming she provided such notice within 182 days after the altercation with Defendant.  Under such circumstances the court will permit Plaintiff leave to file an amended complaint, **only for the purpose of curing this specific deficiency if appropriate**.  Indeed, dismissal on jurisdictional grounds is without prejudice because the court is "*incapable*" of disposing of such claims on the merits.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (emphasis in original).

## CONCLUSION

For the reasons stated herein, the court **ORDERS** that:

(1) Defendant's Motion for Partial Dismissal [#22] is **GRANTED**;

(2) Plaintiff's state law claims for assault and battery and for false arrest and imprisonment are **DISMISSED without prejudice**; and

---

[3] However, the court notes that other information before the court tends to corroborate Defendant's assertion that the incident occurred in 2017, not 2018, including the fact that Ms. Leiker was Defendant's mother, so he is likely in a position to know when she required out of home care, and the filing date of this action is a mere two days after June 2, 2018.

6

(3) Plaintiff is **AFFORDED** leave to amend her Complaint within **14 days** of this Order **solely to cure the identified deficiencies if appropriate**.

DATED: November 1, 2018

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge